**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION AS RECEIVER FOR**
**FIRST STATE BANK**

        **Plaintiff,**

**v.**                             **Case No. 8:13-cv-2037-T-33TBM**

**RONALD H. COPENHAVER, et al.,**

        **Defendants.**

_____/

**<u>REPORT AND RECOMMENDATION</u>**

THIS MATTER is before the Court on a referral from Judge Covington for a report and recommendation on **Defendants Copenhaver, Coughlin, French, Harris, Tzannetakis, Ulrich, and Worthington's Dispositive Motion to Dismiss the Amended Complaint** (Doc. 33) and Plaintiff's response in opposition (Doc. 42).

By way of background, the Federal Deposit Insurance Corporation ("FDIC") as receiver for First State Bank ("Bank") brings suit against former director and officer Corey J. Coughlin ("Coughlin"), former officers John Tzannetakis ("Tzannetakis") and Michael K. Worthington ("Worthington"), and non-officer directors Ronald H. Copenhaver ("Copenhaver"),[1] Camden Ted French ("French"), Robert Wade Harris ("Harris"), and Lisa Ulrich ("Ulrich"). By the allegations in the Amended Complaint (Doc. 30), First State opened

_____

[1]On January 7, 2014, a Suggestion of Death was filed as to Defendant Ronald H. Copenhaver, noting that he died on January 5, 2014. *See* (Doc. 39).

on October, 27, 1988, as a state-chartered nonmember bank based in Sarasota, Florida.  The actions in question began in 2003 when First State implemented an aggressive growth strategy to increase the Bank's assets through high-risk commercial real estate (CRE) and acquisition, development and construction (ADC) lending.  First State's loan portfolio increased from $227 million in December 2004 to $403 million in December 2007, with CRE and ADC loans making up approximately 70 percent of the Bank's total loans.

The specific loans at issue include four loans to LLC A made between November 15, 2005 to May 5, 2008, and one loan to LLC B made on February 16, 2006.  By the allegations, each of the loans failed to meet the requirements of the Bank's own lending policies or standard lending practices, thereby causing the Bank significant losses.

On August 7, 2009, the Bank was closed by the Florida Office of Financial Regulation and the FDIC was appointed as receiver.  The FDIC sues in its receivership capacity under the authority granted by FIRREA, 12 U.S.C. §1821.

The FDIC sues Defendants on three counts, alleging negligence against Coughlin, Tzannetakis, and Worthington (Count I); gross negligence under 12 U.S.C. § 1821(k) against all Defendants (Count II); and breach of fiduciary duties against all Defendants (Count III).  In short, the claims are based on allegations that the officers and non-officer directors were negligent and/or grossly negligent for recommending, presenting for approval and/or approving the five loans to the two Limited Liability Companies.  Alternatively, and for the same reasons, the officers and non-officer directors breached their fiduciary duties of care and loyalty to the Bank.  Plaintiff alleges these actions resulted in accumulated damages in excess of $6.25

2

million.  The FDIC seeks compensatory damages, prejudgment interest, and costs.  *See* (Doc. 30).

A.

By their Motion, Defendants argue that the FDIC's professional liability claims are time barred; the Amended Complaint fails to plead allegations sufficient to establish the extreme lack of care needed to support a claim for gross negligence; the FDIC's negligence claim is barred as a matter of law because it does not rise to the requisite level of negligence; the FDIC's breach of fiduciary duty claim does nothing more than restate an ordinary negligence claim, and thus is subject to dismissal as a matter of law; the FDIC's claims are barred as a matter of law pursuant to Florida's statutory and common law business judgment rules; and Plaintiff is not entitled to seek joint and several liability.  *See* (Doc. 33).

In response, Plaintiff argues that it timely filed this action; it adequately pled its claims; and its claims overcome the business judgment rule.  *See* (Doc. 42).

B.

A Rule 12(b)(6) motion tests the facial sufficiency of the stated claim for relief. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir.1997).  When reviewing a motion to dismiss, the court may consider documents attached to the complaint or directly referred to in the complaint, and in so doing will not convert the motion to one for summary judgment.  *See id.* at 1369; *see also* Fed. R. Civ. P. 10(c); *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985); *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1315 (M.D. Fla. 2000).  A court also may consider documents attached to a motion to dismiss

3

without converting the motion into one for summary judgment if the attached documents are central to the plaintiff's claim and undisputed in terms of authenticity.  *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  "[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *S.E.C. v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Tiftarea Shopper, Inc. v. Ga. Shopper, Inc.*, 786 F.2d 1115, 1117-18 (11th Cir. 1986) (quoting *Conley*)).  In evaluating the sufficiency of a plaintiff's pleadings, the court must make reasonable inferences in Plaintiff's favor, "but we are not required to draw [p]laintiff['s] inference."  *Aldana v. Del Monte Fresh Produce, N.A., Inc*., 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of facts" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.  *Id.* at 1246*; see also Ashcroft v. Iqbal*, 556 U.S. 662, 664 (1937) (stating conclusory allegations are "not entitled to be assumed true").

C.

1.

Defendants first argue that each of the "professional liability" claims are time barred because the Amended Complaint was filed nearly four years after the Bank was closed. Specifically, the Bank was closed on August 7, 2009, but the initial Complaint was not filed until August 6, 2013.  While the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") offers two alternative limitations periods under which the FDIC may

4

bring a claim, both alternatives expired prior to the filing of the initial Complaint.  Assuming

that the FDIC is employing Florida's four-year statute of limitations as permitted under

FIRREA, Defendants urge that the claims are barred because, given the date the subject loans

were *approved* and the claims accrued, "[b]ased upon the FDIC's own allegations, its causes of

action accrued between November 2005 and May 2008, more than four years prior to the initial

Complaint being filed." (Doc. 33 at 8).[2]  Thus, Defendant argues that the FDIC can only

maintain its claims if the causes of action accrued later than the times the Defendants approved

the loans, or if the statute of limitations was tolled prior to the FDIC being appointed as

receiver.  They urge that neither circumstance is applicable here, nor is the FIRREA Extender

Statute applicable.

  In response, Plaintiff initially argues that dismissal under Rule 12(b)(6) on statute of

limitations grounds is permissible only if it is apparent from the face of the complaint that the

claim is time barred.  *See Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir.

2005).  Such is not the case here.  Moreover, under FIRREA and Florida law, the claims here

must be brought within four years from when they accrued.  Contrary to Defendants'

contention that the claims accrued at the time the loans were approved, under Florida's last

element rule, the claims did not accrue until the Bank suffered damages, that is, when the loans

went into default.  Here, each of the loans necessarily failed after the date the first loan was

approved, November 15, 2005, which was less than four years before the FDIC was appointed

---

[2]Defendants note that any claims against Defendant Coughlin have expired because he left the Bank more than four years before the initial Complaint was filed and "therefore was not in a position to prevent any claims from being brought against him by the Bank from that point forward." *Id.* at 8 n.2.

as receiver on August 7, 2009.  In these circumstances and under applicable law, the Florida

limitations period was restarted on that date.  Pursuant to the Extender Statute, which is

applicable here, the date on which the four year statute of limitations begins to run was the date

of the appointment of the FDIC or August 7, 2009.  Given that the suit was filed within that

four year period, the claims are not time barred.

The Financial Institutions Reform, Recovery and Enforcement Act of 1989, provides

a federal statute of limitations system for claims brought by the FDIC as receiver.  *See*

*Resolution Trust Corp. v. Artley*, 28 F.3d 1099, 1101 (11th Cir. 1994) (citing 12 U.S.C. §

1821(d)(14)(A) & (B)).  Because the statute has been interpreted not to revive stale state law

claims that the FDIC later acquires, "the district court must first determine whether the claims

being brought by the [FDIC] were viable under the applicable state statute of limitations at the

time the [FDIC] was appointed receiver.  If the claims are still viable under the applicable state

statute at the time the FDIC was appointed receiver, the period provided by 12 U.S.C.

§1821(d)(14)(A) then begins to run."  *Id.* (quoting *F.D.I.C. v. Dawson*, 4 F.3d 1303, 1307 (5th

Cir. 1993)).

As noted above, the FDIC brings claims for negligence, gross negligence, and breach

of fiduciary duty, all of which are governed by Florida's four-year statute of limitations for tort

claims.  *See* FLA. STAT. § 95.11(3)(a).  Under Florida law, "[a] cause of action accrues when

the last element constituting the cause of action accrues."  FLA. STAT. § 95.031(1).  Thus, "the

last element constituting a cause of action for negligence or breach of fiduciary duty is the

occurrence of damages."  *Kelly v. Lodwick*, 82 So. 3d 855, 857 (Fla. Dist. Ct. App. 2011)

(citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003); *Gracey v. Eaker*,

837 So. 2d 348, 353 (Fla. 2002)).

Here, the loans at issue were approved between November 15, 2005 and May 5, 2008. The FDIC was appointed as the receiver on August 7, 2009, when the Bank closed.  While the parties dispute when the claims accrued, as the Defendants themselves concede, "[g]iven the dates the subject loans were approved, at the time the FDIC was appointed receiver, there would have been some remaining time to bring an action under the state law period," (Doc. 33 at 9), and thus there can be no dispute that the claims were viable.  Indeed, considering the date that the first loan was approved, on November 15, 2005, the FDIC had until November 15, 2009 to bring a claim under the state statute of limitations.  Thus, FDIC's claims were not time barred as of August 7, 2009, the date of its receivership.  *See F.D.I.C. v. Elmore*, No. 13 C 1767, 2013 WL 6185236, at *4 n.5 (N.D. Ill. Nov. 22, 2013) (finding that since all subject loans in the complaint were made after a date that was less than the state statute of limitations, none of the claims were time-barred at the date of the receivership).

Pursuant to 12 U.S.C. § 1821(d)(14)(A)(ii), the statute of limitations is the longer of the three-year period beginning on the date the claim accrues, or the period applicable under state law.  And, under section 1821(d)(14)(B), the date on which the statute of limitation begins to run shall be the later of the date of the appointment of the Corporation as receiver, or the date on which the cause of action accrues.  Thus, courts have determined that the limitations period begins to run anew when the FDIC is appointed.  *See F.D.I.C. v. Wabick*, 335 F.3d 620, 626 (7th Cir. 2003) ("Congress has directed that for each type of claim we have two possible sources for the limitations period . . . . We are to choose whichever period is longer."); *F.D.I.C. v. McSweeney*, 976 F.2d 532, 536 (9th Cir. 1992) (finding that the state

statute of limitations begins to run anew when the FDIC was appointed); *Elmore*, 2013 WL

6185236, at *4 (finding that based on the plain language of the statute, the later date of accrual

is the date of the appointment of the FDIC as receiver).

   Here, while there is disagreement as to when the claims accrued, it is clear that the

FDIC was appointed receiver on August 7, 2009, and in accordance with Florida law, the FDIC

had four years from that date to pursue a claim.  Therefore, since the Complaint was filed on

August 6, 2013, the FDIC is not time barred from bringing its claims.

2.

   Second, Defendants argue that the Amended Complaint fails to plead allegations

sufficient to establish the extreme lack of care needed to support a claim for gross negligence.

They argue that virtually all of the FDIC's allegations regarding its gross negligence claim are

merely assertions that the loans did not comply with the Bank's internal loan procedures

regarding CRE lending and ADC lending.  Defendants argue that since these standards are just

guidelines and do not in and of themselves establish a legal standard, simply alleging failure to

follow guidelines, "without more, is insufficient to establish the extreme lack of care necessary

to state a claim for gross negligence."[3]  Furthermore, Defendants argue that when Florida

courts have found that FIRREA actions plausibly allege gross negligence, the complaints have

alleged substantially more than here, and the allegations have usually included disregard of

---

[3]In support of their argument, Defendants cite to *Boutilier v. Chrysler Ins. Co.*, No. 8:99-CV-2270T26MAP, 2001 WL 220159, at *1 (M.D. Fla. Jan. 31 2001); *Hower v. Wal-Mart Stores, Inc.*, No. 08-1736, 2009 WL 1688474, at *6 (E.D. Pa. June 16, 2009); *Interactive Intelligence, Inc. v. Keycorp*, No. 1:05-cv-1518-LJM-WTL, 2007 WL 3171438, at *2 (S.D. In. Oct. 26, 2007); *First Nat'l Bank of Lincolnwood v. Keller*, 318 F. Supp. 339, 347 (N.D. Ill. 1970).  (Doc. 33 at 12).

specific warnings from regulators, conscious disregard of material information, or overt violations of state statutes and banking regulations.[4]  In contrast, the Amended Complaint does not allege that the terms of any loans violated Florida statutes, nor does it allege that the Defendants received or deliberately ignored any warnings.  Moreover, the FDIC does not allege that the losses would have been prevented but for the alleged deficiencies of the loans.  Thus, its conclusory assertions as to causality underscore that its gross negligence claim lacks plausibility.

In response, the FDIC argues that the Amended Complaint alleges facts sufficient to state a claim for gross negligence against all Defendants.  The Amended Complaint alleges that the Defendants failed to exercise the equivalent of even slight care by engaging in certain lending practices that a reasonable person would know would more than likely result in the injury of the Bank's depositors, account holders, other creditors and stockholders.  In support, Plaintiff points to several paragraphs in the Amended Complaint that contain specific allegations that support its claim for gross negligence.  *See* (Doc. 30, ¶¶ 32, 33, 38, 40, 42-44, 47, 49, 50, 52-54, 58, 59, 61, 62, 65-69, 74, 75, 77-79, 85, 93, 103).  Moreover, contrary to Defendants' arguments, Florida courts have consistently upheld gross negligence counts against bank officers and directors at the motion to dismiss stage where the plaintiffs have made allegations similar to those contained in the Amended Complaint.[5]  Thus, given that

---

[4]Defendants cite to *F.D.I.C. v. Florescue*, 8:12-cv-2547-T-30TBM, 2013 WL 2477246, at *6 (M.D. Fla. June 10, 2013); *F.D.I.C. v. Price*, No. 2:12-cv-148-FTM-99DNF, 2012 WL 3242316, at *4 (M.D. Fla. Aug. 8, 2012).  (Doc. 33 at 13).

[5]In support, Plaintiff cites to *Florescue*, 2013 WL 2477246, at *6, *8; *F.D.I.C. v. Brudnicki*, 5:12-CV-398-RS-GRJ, 2013 WL 2145720, at *5 (N.D. Fla. May 15, 2013); *Price*, 2012 WL 3242316, at *4; *F.D.I.C. v. Smith*, No. 2:13-cv-14151-DLG, slip opinion at 10 (S.D.

Plaintiff's allegations mirror those in *Florescue*, *Brudnicki*, *Price*, and *Smith*, the Court should find that Plaintiff has clearly established a valid cause of action for gross negligence against all Defendants.

FIRREA provides that directors or officers of an insured depository institution may be held personally liable for monetary damages in any civil action by a corporation acting as a receiver for gross negligence, as defined and determined under applicable state law.  12 U.S.C. § 1821(k).  In Florida, "[g]ross negligence . . . is defined as an act or omission that a reasonable prudent person would know is likely to result in injury to another."  *Boston ex rel. Estate of Jackson v. Publix Super Mkts, Inc.*, 112 So. 3d 654, 658 (Fla. Dist. Ct. App. 2013) (quoting *Eller v. Shova*, 630 So. 2d 537, 541 n.3 (Fla. 1993)).  Gross negligence "requires that a defendant have 'knowledge of the existence of circumstances which constitutes a clear and present danger and yet still undertakes a conscious, voluntary action or omission . . . which is likely to result in injury.'" *Florescue*, 2013 WL 2477246, at *6 (quoting *Cent. State Transit & Leasing Corp. v. Jones Boat Yard, Inc.*, 206 F.3d 1373, 1377 (11th Cir. 2000)).  "Stated another way, a plaintiff may plead gross negligence by alleging facts that show a defendant failed to exercise 'slight care' in circumstances likely to result in injury."  *Id*. (citing *Farrell v. Fisher*, 578 So. 2d 407, 409 (Fla. Dist. Ct. App. 1991)).

After careful review of the pleadings, I find that the allegations state a plausible claim for gross negligence as defined under Florida law.  The Amended Complaint offers more than a mere formulaic recitation of the elements of a gross negligence cause of action.  Instead,

---

Fla. Nov. 13, 2013).  (Doc. 42 at 16-17).

Plaintiff has alleged Defendants' conscious disregard of material information and overt violations of the banking policies.  While Defendants argue that this case is necessarily distinguishable from other Florida court cases that found a plausible gross negligence cause of action, I cannot agree.  As in *Price*, where "[s]ome of the loans had loan-to-value ratios exceeding the amount allowed by the bank's loan policy and limits set by regulators," 2012 WL 3242316, at *4, here, the FDIC has alleged the same for several of the loans at issue, in particular LLC A Loan 1, Loan 2, LLC B Loan.  (Doc. 30, ¶¶ 40, 49, 75).  Moreover, the *Price* court also found that the "[l]oans were made to borrowers/guarantors who had not demonstrated sufficient liquidity to pay down the loan . . . ."  2012 WL 3242316, at *4.  The FDIC has alleged similar facts here.  (Doc. 30, ¶¶ 41-42, 47, 51-52, 60-61, 66, 68, 73, 76).  In addition, several of the loans at issue did not have the required equity contribution.  (Doc. 30, ¶¶ 43, 53, 79).

The fact that there are no allegations of prior warning(s) from regulators is noteworthy, but not dispositive on this Motion.  Thus, the standard for gross negligence in Florida suggests that a plaintiff merely needs to allege facts that show a defendant failed to exercise "slight care" in circumstances likely to result in injury.  *Farrell*, 578 So. 2d at 409 ("Gross negligence has been defined as the equivalent of slight care . . . .") (citation omitted).  The standard does not require that the plaintiff allege a violation of the law or regulation.  Plaintiff has alleged the lack of meaningful deliberation on the types of loans the Defendants were writing, the lack of information that was relied upon, the disregard for the Bank's own lending policies, the disregard for adequate underwriting and credit administration policies, and a failure to investigate the material facts of the loans, all which arguably and plausibly

suggest that the Defendants failed to exercise even "slight care" and committed acts that a reasonable prudent person would know were likely to result in injury.

In sum, the gross negligence claim is adequately pled to withstand this Motion.

3.

As for Plaintiff's claim for ordinary negligence against the officer Defendants, Defendants argue that the allegations are not sufficient to state a claim of negligence. And, while such claims are permitted under FIRREA, they are subject to Florida's statutory and common law business judgment rules which, in this case, bars the claim. As for the sufficiency of the allegations, Defendants argue that on the FDIC's own allegations, the officers acted with due care. Thus, all of the loans were approved by the Bank's process which required affirmative votes for each of the loans from members of the executive loan committee (ELC). Before each vote, substantive presentations were made to the Defendants who were also provided Credit Offering Reports containing significant information to assist in an informed decision. Nowhere does the Plaintiff allege that this process was inadequate or unreasonable in any way. Defendants thus argue that the Plaintiff's allegations are that Defendants followed a reasonable process in approving these five loans and fail to allege how the Defendants breached their duty of care. Accordingly, Plaintiff fails to state a claim for ordinary negligence.

In response, Plaintiff argues that it has alleged plausible claims for negligence against each of the officer Defendants. It urges that negligence claims are not barred by FIRREA and that state law sets the applicable standards for such claims. Here, Florida Statute § 607.0841 establishes the applicable standard and requires that each officer shall perform the duties

prescribed by the board of directors, which here included complying with the Loan Policy adopted by the Bank's Board of Directors. The Amended Complaint more than adequately identifies the applicable duty of care and the alleged breaches of that care. Moreover, the statutory business judgment rule, Florida Statute § 607.0831, addressed below, does not protect officers from ordinary negligence claims. Nor does the Florida common law rule insulate them where they have participated in the wrong.

Under Florida law, individual officers of a corporation "may be held personally liable for their tortious acts, even if such acts were committed within the scope of their employment or as corporate officers." *E & A Produce Corp. v. Olmo*, 864 So. 2d 447, 448 (Fla. Dist. Ct. App. 2003) (citing *Orlovsky v. Solid Surf, Inc.*, 405 So. 2d 1363, 1364 (Fla. Dist. Ct. App. 1981)). In order to successfully plead a cause of action based on negligence, a plaintiff must allege,

> (1) A duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
>
> (2) A failure on the defendant's part to conform to the standard required: a breach of the duty.
>
> (3) . . . "[L]egal cause" or "proximate cause" . . . .
>
> (4) Actual loss or damage . . . .

*Clay Elec. Co-op, Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003).

As measured against this standard, the FDIC's negligence claim is minimally adequate to state a claim for relief. Although not set forth with specificity in the Amended Complaint, Plaintiff urges that the claim for ordinary negligence is founded upon Florida

Statute § 607.0841, which provides that,

> [e]ach officer has the authority and shall perform the duties set forth in the bylaws or, to the extent consistent with the bylaws, the duties prescribed by the board of directors or by direction of any officer authorized by the bylaws or the board of directors to prescribe the duties of other officers.

By its allegations, Defendants Coughlin, Tzannetakis, and Worthington breached their duties of care by failing to comply with the loan policies which were adopted by the Bank's Board of Directors. *See* (Doc. 30, ¶¶ 84-85). More particularly, Plaintiff alleges that Defendants failed to inform themselves about the loans and the risks of the loans to the Bank; failed to engage in meaningful deliberation and exercise independent judgment in connection with the review, recommendation, and approval of the loans; recommended or approved loans that were contrary to or inconsistent with the Bank's internal credit policies and prudent lending standards; failed to ensure that the loans were underwritten in a safe and sound manner; failed to ensure that they were secured by sufficient collateral; failed to ensure that the loans were made to creditworthy borrowers; and failed to ensure that the loans did not violate banking rules and regulations. Moreover, the officer Defendants acted in concert such that they are jointly and severally liable for the damages they caused the Bank which are in excess of $6.25 million. *Id.* at ¶ 85.

Therefore, while the duty of care owed by the officer Defendants could have been better stated, the allegations are adequate to withstand this Motion.

4.

Regarding Plaintiff's claim for breach of fiduciary duty against all Defendants, Defendants raise two arguments. First, they argue that Plaintiff's breach of fiduciary duty

14

claim does nothing except restate an ordinary negligence claim, and is thus subject to dismissal as a matter of law.  While Defendants concede that Plaintiff is permitted to plead in the alternative, Plaintiff has essentially pled a duplicative count to Count I, alleging a breach of fiduciary duty by reason of the same breach of a duty of due care as alleged in the negligence count.  Second, they argue that Florida's statutory and common law business judgment rule bars Plaintiff's breach of fiduciary duty claim.[6]  There are no allegations that the Defendants made decisions from which they derived personal benefits or breached a duty of loyalty which might deny them the benefits of Florida Statute § 607.0831.  Thus, the FDIC's claim for breach of fiduciary duty should be dismissed.

In response, Plaintiff argues that the Court should not dismiss its alternative claim for breach of fiduciary duty because it has sufficiently pled a cause of action distinct from the negligence claim and does not seek double recovery.  Florida law recognizes the cause of action and Rule 8(d)(2) permits pleading in the alternative.  As for the business judgment rule, Plaintiff argues that the statutory rule does not apply to officers, and as such, does not insulate officers from liability for breach of their fiduciary duties.  Moreover, under Florida common law, officers may be held liable for torts if they willfully participated

In Florida, a plaintiff must plead the following elements in order to establish a cause of action for breach of fiduciary duty: "the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages."  *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002).  For corporate directors and officers, it is established that they "owe a

---

[6]In support, Defendants cite to *F.D.I.C. v. Stahl*, 89 F.3d 1510, 1516 n.12 (11th Cir. 1996); *F.D.I.C. v. Gonzalez-Gorrondona*, 833 F. Supp. 1545, 1555-56 (S.D. Fla. 1993).

fiduciary obligation to the corporation and its shareholders and must act in good faith and in the best interest of the corporation." *Cohen v. Hattaway*, 595 So. 2d 105, 107 (Fla. Dist. Ct. App. 1992) (citing *Tillis v. United Parts, Inc.*, 395 So. 2d 618 (Fla. Dist. Ct. App. 1981)).

Plaintiff's Count III, an alternative claim to the negligence and gross negligence claims, alleges that all Defendants breached their fiduciary duties under Florida law with respect to all of the loans at issue, and that as a result of Defendants' actions and omissions, the FDIC suffered damages in excess of $6.25 million.  By the Amended Complaint, Plaintiff describes Defendant's fiduciary duties, that trust and confidence was reposed on each of the Defendants, and that by their actions and omissions, Defendants, "without being fully informed and without meaningful deliberation, carelessly, and without due care while not acting in good faith approved the Subject Loans, in disregard of the best interests of the Bank."  (Doc. 30, ¶ 103).  As a result, the Bank suffered damages in excess of $6.25 million.  Thus, unlike in *Gonzalez-Gorrondona*, where the court found that the complaint "reveal[ed] . . . *absolutely no facts* [were] pled to support such claims" and directed the Plaintiff to file an amended complaint alleging with specificity which legal duties arising out of the fiduciary relationship are alleged to have been breached, 833 F. Supp. at 1560, here, the FDIC has pled sufficient facts to support a claim for breach of fiduciary duty.  While the same course of conduct is alleged as a basis for all the claims, and there is similarity between the negligence claims and this claim, it is sufficiently pled, in the alternative, to withstand this Rule 12(b)(6) motion.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009) ("Rule 8(d) of the Federal Rule of Civil Procedure permits the pleading of both alternative and inconsistent claims.").

Assuming the claim is not barred by Florida's business judgment rule, it is adequate

to withstand this Motion.

5.

Defendants contend that Plaintiff's claims are barred by Florida's statutory and common law business judgment rule. Under Florida's common law, courts assume that directors and officers have acted properly and in good faith, and absent a showing of abuse of discretion, fraud, bad faith or illegality, will decline to review their actions. *Int'l Ins. Co. v. Johns,* 874 F.2d 1447, 1461 (11th Cir.1989); *see also* (Doc. 33 at 18 n.7, 19). Thus, the issue is not whether the disputed loans were good loans or poorly underwritten loans, but whether the Defendants followed a reasonable process and made an informed business judgment in approving the loans. Here, Plaintiff has actually alleged that the Defendants exercised due care by engaging in a meaningful and thoughtful exercise of business judgment. Plaintiff has failed to make allegations that the Defendants abused their discretion, committed fraud, acted in bad faith, or engaged in illegal activity. Thus, regardless of the outcome of these loans, even by Plaintiff's allegations, they were the product of a reasonable process whereby Defendants made informed business judgments and while their judgments were proven wrong, the claims are barred as a matter of law.

Regarding the statutory rule, they urge that in the circumstances of this case, Plaintiff can only pursue claims under Florida Statute § 607.0831(1)(b)(4) and only if they are based on actions constituting a "conscious disregard for the best interest of the corporation, or willful misconduct." FLA. STAT. § 607.0831(1)(b)(4). Since claims for ordinary negligence are fundamentally incompatible with this standard, they are subject to dismissal as a matter of

17

law.[7]  Defendants further urge that despite the express language of § 607.0831, the statutory

protections extend to officers as well as directors.[8]

        In response, Plaintiff contends that because the allegations of gross negligence

amount to a conscious disregard for the best interests of the Bank, the business judgment rule

is not applicable.[9]  As for the claims for negligence and breach of fiduciary duty, Plaintiff

argues that the statutory business judgment rule does not, by its very terms, insulate officers,

and thus is no bar to the negligence claim.[10]  Moreover, Florida courts have recognized that

officers may be liable for torts where they have participated in the wrong.[11]  Finally, in the

alternative, it urges that the Court need not reach the argument concerning the business

_____

        [7]Defendants cite to *Price*, 2012 WL 3242316, at *3; *Gonzalez-Gorrondona*, 833 F.
Supp. at 1566.

        [8]In particular, they urge that the Eleventh Circuit has recognized that Florida's
business judgment statute covers both directors and officers, notwithstanding the statute's use
of the term "director."  Defendants cite to *F.D.I.C. v. Stahl*, 89 F.3d 1510, 1516 n.12 (11th
Cir. 1996); *Official Comm. of Unsecured Creditors v. Liberty Sav. Bank*, 256 B.R. 1, 168
(Bankr. M.D. Fla. 2000); *Int'l Ins. Co. v. Johns,* 685 F. Supp. 1230, 1238 n.4 (S.D. Fla. 1988);
*Gonzalez-Gorrondona,* 833 F. Supp. at 1556, 1559.  (Doc. 33 at 20-21).  While recent
decisions in the Middle and Northern Districts of Florida, in particular, *Florescue* and
*Brudnicki* have taken a different view and failed to recognize this Eleventh Circuit precedent,
Defendants urge that the distinctions drawn by these two cases are unpersuasive.  Moreover,
they argue that most courts have extended business judgment protection to decisions made by
corporate officers.

        [9]In support it cites to *In re Tousa, Inc.*, 437 B.R. 447, 462-63 (S.D.Fla. 2010).  (Doc.
42 at 17).

        [10]Plaintiff cites to *Florescue*, 2013 WL 2477246, at *5-*6; *Brudnicki*, 2013 WL
2145720, at *2-*3; *F.D.I.C. v. Perry*, 2012 WL 589569, at *4 (C.D. Cal. Feb 21, 2012).  (Doc.
42 at 21).

        [11]In support, Plaintiff cites to *Aboujaoude v. Poinciana Dev. Co.,* 509 F. Supp. 2d
1266, 1277 (S.D. Fla. 2007); *Vestra Constr. & Design, LLC v. Lotspeich & Assocs., Inc.,* 974
So. 2d 1176, 1180 (Fla. Dist. Ct. App. 2008).  (Doc. 42 at 23).

judgment rule at this stage of the proceedings given the inherent questions of fact that must be addressed in such an inquiry.

On this Motion, essentially for the reasons urged by Plaintiff, I conclude that neither Florida's statutory business judgment rule nor the common law rule bars its claims.  Florida's gross negligence standard - the absence of slight care - suggests a knowing or willful indifference which is arguably incompatible with either the statutory or common law business judgment rule.  In any event, the obvious disputed facts underlying the gross negligence claim suggests that application of either rule on this Motion is inappropriate.  *See Fed. Sav & Loan Ins. Co. v. Musacchio,* 695 F. Supp. 1053, 1064 (N.D. Cal. 1988) ("[T]he applicability of the business judgment rule is peculiarly a question of fact, wholly inappropriate for consideration on a motion to dismiss."); *see also Gonzalez-Gorrondona*, 833 F. Supp. at 1561("[I]t is arguable that a court should not consider whether a defendant's conduct is protected by the business judgment rule on a motion to dismiss.") (citation omitted*).*  A similar rational supports denial of the Motion as it relates to the alternative claim for breach of fiduciary duty.  Thus, in a light favorable to Plaintiff, Defendants engaged in conduct evidencing a willful lack of fidelity and loyalty to the Bank which is incompatible with the business judgment rule.

As for the negligence claim against the officer Defendants, in the first instance it is clear that under Florida law, "officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." *Vesta Constr. & Design, LLC v. Lotspeich & Assocs., Inc*., 974 So. 2d 1176, 1180 (Fla. Dist. Ct. App. 2008) (quoting *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357,

358 (Fla. Dist. Ct. App. 2005)).[12]  Here, in a light favorable to Plaintiff, the Defendant officers

were involved in the loan approval process for these disputed loans.  Moreover, the more well-

reasoned decisions hold that the statutory business judgment rule does not automatically

insulate corporate officers from suit in tort.  As discussed below, despite Defendants' argument

to the contrary, a plain reading of Florida Statute § 607.0831 reveals that its protections do not

extend to corporate officers.

Defendants cite to *Gonzalez-Gorrondona* and *Stahl* in support of their position that

Florida Statute § 607.0831 insulates both corporate directors *and* officers from liability for

simple negligence, and instead permits liability only for gross negligence.  While Defendants

acknowledge *Florescue* and *Brudnicki*, they argue that these cases deviate from previous case

law and are unpersuasive.  A review of these cases is useful.

In *Gonzalez-Gorrondona*, the FDIC sued certain former officers and directors of a

failed bank.  833 F. Supp. at 1547.  In addressing officer and director liability under Florida

law, the Southern District of Florida court held that section 607.0831 "insulates corporate

directors and officers from conduct amounting to gross negligence, and permits liability only

for greater derelictions of the duty of care."  *Id*. at 1556.  In sum, the court found that before

the July 1987 amendment to the statutes, Florida law imposed liability of corporate officers

and directors for simple negligence, and thereafter, it imposed liability only for acts

constituting more than gross negligence.  *Id*.  As for *Stahl*, while determining the applicable

---

[12]FIRREA also preserves the ordinary negligence count against the Defendant officers based upon Florida's statutory standard of ordinary care for officers.  *See Atherton v. F.D.I.C*, 519 U.S. 213, 226-31 (1997); *Stahl*, 89 F.3d at 1516 ("§ 1821(k) does not preempt state laws with lesser liability standards than gross negligence.").

standard to be applied to the directors in that case, the Eleventh Circuit noted that the statutory

rule was enacted to provide corporate directors *and* officers greater protections.  89 F.3d at

1516 n.12 ("The Florida legislature passed Fla. Stat. § 607.1645 (1987), presently codified at

Fla. Stat. §§ 607.0830, 608.0831 (1989), to afford corporate officers and directors greater

protection from liability; however these heightened liability standards apply only to causes of

action accruing on or after July 1, 1987.").

On the other hand, *Florescue* and *Brudnicki*, two recent cases from the Middle and

Northern Districts of Florida, specifically address the applicability of Florida's business

judgment rule on officers and reach a different conclusion.  In *Brudnicki*, the FDIC brought

suit against eight former directors of a failed bank.  2013 WL 2145720, at *1.  While

concluding that the count for ordinary negligence against the directors was barred by reason of

section 607.0831, the Northern District of Florida court held that the count remained viable

against one of the directors who was also a former officer of the bank because "the statute does

not afford the same protections to officers as it does directors."  *Id.* at *2.  Indeed, in

examining section 607.0831 liability of directors, along with section 607.0850(7)(d)

indemnification of officers, directors, employees, and agents, Judge Smoak stated,

> [t]hese two sections, added by the same legislative act, are clearly related and
> plainly show that the legislators intentionally differentiated between
> directors, officers, employees, and agents.  Directors can only be liable if
> there is willful misconduct or conscious disregard for the best interests of the
> corporation, and the corporation cannot indemnify them in that situation.
> Officers, employees, and agents may be liable for something less than
> conscious disregard for the best interests of the corporation or willful
> misconduct, and cannot be indemnified by the corporation in that situation.
> This differentiation is highlighted by the reasoning behind heightening the
> standard for director liability . . . . The legislature evinced no concerns about
> finding qualified people to serve as presidents and chief executive officers of

21

> corporations, which are substantially different responsibilities than serving
> on a board of directors while not a corporate officer.

*Id.* at *2-3.   In *Florescue*, a suit quite similar to the instant matter, Judge Moody of this Court

adopted the reading of Judge Smoak in *Brudnicki* and found that, "[a] straightfoward reading

of the statute makes it appear that the business judgment rule eliminates claims for ordinary

negligence against directors only.  There is no mention of officers receiving the same

protection in the statute."  2013 WL 2477246, at *4.

  After a careful review of the pleadings and relevant case law, I find no reason to

deviate from the conclusions and reasoning in *Florescue* and *Brunicki*.  *See also U.S. v. De La*

*Mata*, 266 F.3d 1275, 1297 (11th Cir. 2001) ("[W]e read F.S. § 607.0831 as codifying the

'business judgment rule' in Florida.  The business judgment rule protects disinterested

directors.") (citation omitted).  By its plain terms, section 607.0831 insulates only directors

from claims for ordinary negligence.  In addition to the distinctions between officers and

directors noted by Judge Smoak, the Florida legislature made clear the distinction between

officers and directors in its definition of an "employee," stating that an "'employee' includes

an officer but not a director.  A director may accept duties that make him or her also an

employee." FLA. STAT. § 607.01401(10).  Had the legislature intended to insulate officers

from negligence claims under section 607.0831, it surely could have done so, but it did not.

Accordingly, Defendants Tzannetakis and Worthington are not entitled to the protection of the

statutory business judgment rule in their capacity as officers of the Bank and may be sued in

negligence.  As for Defendant Coughlin who served as both an officer and director, I find that

he is not entitled to the protection of section 607.0831 as far as the claim for ordinary

negligence arises from his work as an officer of the Bank.  *See Florescue*, 2013 WL 2477246, at *6; *Brudnicki*, 2013 WL 2145720, at *3.

As for the common law business judgment rule, that rule provides that directors of a corporation are presumed to have acted properly and in good faith.  *Int'l Ins. Co.,* 874 F.2d at 1461 (citing *Cottle v. Storer Commc'n Inc.*, 849 F.2d 570, 574 (11th Cir. 1988)).  "The management of corporate business is vested in the directors of the corporation, and Courts in Florida have given to directors wide discretion in the exercise of business judgment in the performance of their duties."  *Schein v. Caesar's World, Inc.,* 491 F.2d 17, 20 (5th Cir. 1974 ) (citing *Yarnall Warehouse & Transfer, Inc. v. Three Ivory Bros. Moving Co.*, 226 So. 2d 887, 890-91 (Fla. Dist. Ct. App. 1969); *Citizens Nat'l Bank v. Peters*, 175 So. 2d 54, 56 (Fla. Dist. Ct. App. 1965); *Orlando Orange Groves Co. v. Hale*, 161 So. 284, 288 (Fla. 1935)).  Thus, "[a] court will not call upon a director to account for his action in the absence of a showing of abuse of discretion, fraud, bad faith, or illegality."  *Int'l Ins. Co.*, 874 F.2d at 1461 (citing *Lake Region Packing Assoc. Inc. v. Furze*, 327 So. 2d 212, 214 (Fla. 1976)).

The director Defendants urge that in the absence of one of the four, Plaintiff's claims are barred as a matter of law.  However, as noted above, in a light favorable to Plaintiff, the claims for gross negligence and breach of fiduciary duty are based on the purported abuse of discretion, willful breach of trust, and a lack of good faith handling and approval of the disputed loans.  Given the factual disputes which underlie each parties' position, the application of the common law business judgment rule at this stage of the proceeding is premature.  *See Gonzalez-Gorrondona*, 833 F. Supp. at 1561; *Musacchio*, 695 F. Supp. at 1064.

6.

Lastly, Defendants argue that the claim for joint and several liability against Defendants should be dismissed since the FIRREA does not address the availability of joint and several liability, and in the absence of an explicit, contrary provision in a federal statutory scheme, state law governs.  Thus, Florida has abolished joint and several liability except for intentional torts and certain statutory causes of action, of which no such allegations have been made by the FDIC.  *See* FLA. STAT. § 768.81(3) ("In a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability.").  Here, given that all Plaintiff alleges are negligence claims, the claim for joint and several liability fails as a matter of law.

In response, Plaintiff argues that the relief for joint and several liability should not be dismissed and that Defendants' argument is misplaced since Plaintiff has not alleged joint and several liability as a separate claim; instead, it has alleged it as the relief to its claims.  Case law dictates that the sufficiency of a complaint depends on the facts pled, and not on the demand for relief.[13]  Moreover, Florida has not abolished joint and several liability for claims of breach of fiduciary duty.  *See La Costa Beach Club Resort Condo. Ass'n, Inc. v. Carioti*, 37 So. 3d 303, 308 (Fla Dist. Ct. App. 2010).

Here, as Plaintiff correctly notes, "the only issue on a motion to dismiss is whether the claim as stated would give the plaintiff a right to any relief, rather than to the particular relief

---

[13]In support, Plaintiff cites to *Duenez v. City of Manteca*, No. CIV. S-11-1820 LKK, 2012 WL 4359929, at *7 (E.D. Cal. Feb. 23, 2012); *Falk v. Levine*, 60 F. Supp. 660, 663 (D. Mass. 1945); *Lakeview Collection, LLC v. Bank of Am.*, No. 09 CV 3933, 2011 WL 976770, at *2 (N.D. Ill. Mar. 17, 2011).  (Doc. 42 at 26-27).

demanded." *Doe v. Royal Caribbean Cruises, Ltd.,* No. 11-23323-CIV, 2012 WL 920675, at

*2 (S.D. Fla. Mar. 19, 2012) (quoting *Cassidy v. Millers Cas. Ins. Co.*, 1 F. Supp. 2d 1200,

1214 (D. Colo. 1998)); *see also Hawkins v. Frick-Reid Supply Corp.*, 154 F.2d 88, 89 (5th Cir.

1946) ("[A] complaint is sufficient if it sets forth facts which show that the plaintiff is entitled

to any relief which the court can grant.").  As aforementioned, the Court finds that Plaintiff has

sufficiently stated claims for ordinary negligence and gross negligence, as well as breach of

fiduciary duty.  Moreover, Florida Statue § 768.81, which addresses comparative fault,

"eliminates joint and several liability for noneconomic damages and limits joint and several

liability for economic damages."  *D'Angelo v. Fitzmaurice*, 863 So. 2d 311, 314 (Fla. 2003).

Thus, the provision does not appear to eliminate joint and several liability in the negligence

counts pled by Plaintiff.  Moreover, section 768.81 does not affect Plaintiff's claim for relief

on the count for breach of fiduciary duty, which as alleged, appears to be an intentional tort.

Accordingly, at present, there is no cause to dismiss this demand for relief.

### D.

In conclusion, for the aforementioned reasons, I recommend that **Defendants Copenhaver, Coughlin, French, Harris, Tzannetakis, Ulrich, and Worthington's Dispositive Motion to Dismiss the Amended Complaint** (Doc. 33) be **DENIED**.

Respectfully submitted this
10th day of May 2014.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
United States District Judge
Counsel of Record